HOLYOKE & WESTFIELD RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8425.    Promulgated November 15, 1927.

*J. S. Y. Ivins, Esq.*, for the petitioner.
*Phillip M. Clark, Esq.*, for the respondent.

OPINION.

PHILLIPS: Upon the question of affiliation, petitioner has shown only that 200 of the 2,600 shares of its outstanding capital stock were owned by the New York, New Haven & Hartford Railroad Co., and that the latter company had a lease upon the petitioner's property, which was, in terms, perpetual.

The statute provides that "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests." There is nothing to indicate that the stockholders of the lessor corporation and those of the lessee corporation are "closely affiliated interests" or the "same interests." Normally the interests of a landlord and of his tenant are not the same, one being interested in the profits from the operation of the property and the other only in the rental he is to receive. Nor is there anything to indicate that the lessor controlled the stock of the lessee or that the lessee controlled the stock of the lessor. We have heretofore pointed out that what the statute requires is ownership or control of the stock, and that control of the property of a corporation by reason of a lease does not meet the provisions of the law. *Appeal of Old Colony Railroad Co.*, 1 B. T. A. 1067.

Under the terms of its lease the New York, New Haven & Hartford Railroad Co. was obligated to pay taxes upon the income of the petitioner. It is the contention of the petitioner that such payments are not income to it. We have heretofore had occasion to examine and discuss this question in the *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186, where it was held that such payments constitute a part of the compensation for the property leased and are income under the authorities there cited. There we held further that under prior decisions of the Board such amounts are income in the

year in which such taxes become due and payable, and are not income in the year for which imposed. Furthermore, it would appear from the terms of the lease that the income taxes assessed during the taxable years in question, on the rental of the previous years, first became an obligation of the lessee in the years in question. As applied to the present case, taxes which became due and payable in 1921 and 1922 upon the " reserved rental " for 1920 and 1921 are income to the lessor for 1921 and 1922.

It appears that 29/30 of the tax for 1920 was paid in 1921 by the lessee and that the remaining 1/30 was borne by the Director General of Railroads under the provisions of Federal statutes under which he took over the control and operations of railroads. In the *Appeal of New York, Ontario & Western Railway Co.*, 1 B. T. A. 1172, we considered such legislation and its history and reached the conclusion that the intention was to take from the railroads any liability for the portion of the tax to be borne by the Director General and there determined that such amount was neither a tax imposed upon the railroad nor income to it. That decision is controlling in this case. The income of the petitioner for the taxable years should be recomputed in accordance with the principles followed in the cases cited.

In computing the deficiency the Commissioner reduced invested capital by the amount of the tax for the preceding year, prorated from the date when each quarterly installment became due. This action appears to be in accordance with the provisions of section 1207 of the Revenue Act of 1926 and, except as adjustment of the amount may be necessary by reason of recomputation of the tax liability, the procedure followed by the Commissioner with respect to such deduction must be approved.

> *Decision will be entered on 15 days' notice, under Rule 50.*

Considered by VAN FOSSAN.